# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KEVEN TORRES-BONILLA,<br><br>　　　　　　　　Defendant. | Case No. 20-CR-30-11-JPS<br><br>**ORDER** |

**1.　　INTRODUCTION**

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited June 5, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* Part B of Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the

"Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023, the Commission voted to give retroactive effect to these portions of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited June 5, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In February 2024, Defendant Keven Torres-Bonilla ("Defendant") moved for a sentence reduction under Amendment 821. ECF No. 1165. Defendant moves under both the Status Point Amendment and the Zero-Point Offender Amendment. *Id.* at 1 (referencing the Status Point Amendment); *id.* at 2 (arguing that Defendant has zero criminal history points).[1]

---

[1] Defendant also argues that "he should have . . . been considered for § 5C1.2, 'safety valve' relief." ECF No. 1165 at 2. While another amendment, Amendment 817, expands the applicability of the "safety valve" provision in the Guidelines, that Amendment does not apply retroactively. *See 2023 Safety Valve Amendment in Brief*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/amendments/2023-safety-valve-amendment [https://perma.cc/L8EG-65BW] (last visited June 5, 2024); *United States v. Palmer*, No. 8:18-CR-19, 2024 WL 1484626, at *1 (D. Neb. Apr. 5, 2024).

To the extent that Defendant argues that the safety valve provision should have been applied at the time of sentencing, that is an argument that should have been raised on direct appeal. Alternatively, if couched as an ineffective assistance of counsel claim, it can be raised collaterally under 28 U.S.C. § 2255 despite the fact that Defendant did not file a direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion). Should Defendant wish to so file, this District's form § 2255 motion will be included with this Order.

Defendant should be aware, however, that § 2255(f)(1) provides that such a motion must be filed within one-year of the date on which his judgment of

## 2. LAW AND ANALYSIS

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[2] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy

---

conviction became final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1. Alternatively, "[i]f a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-3309, 2022 WL 799066, at *2 (C.D. Ill. March 15, 2022) (citing *Clay*, 537 U.S. at 524–25).

Defendant's judgment of conviction was entered on August 1, 2022. ECF No. 926. Defendant did not appeal; therefore, his judgment of conviction became final fourteen days later, on August 15, 2022. Fed. R. App. P. 4(b)(1)(A)(i) (as applicable here, a notice of appeal needed to have been filed within fourteen days of the judgment). Thus, if Defendant chooses to file a § 2255 motion, it will be untimely, and he should be prepared to address whether any statutory tolling provision of § 2255(f), or an equitable doctrine, applies to excuse the untimeliness. *See, e.g.*, *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017).

[2]Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary adds that such a circumstance may arise "because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 app. note 1(A).

Defendant is not eligible for a reduced term of imprisonment under the Status Point Amendment because he did not receive any status points. ECF No. 930 at 16. However, Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Zero-Point Offender Amendment. *Id.* Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821 because Defendant was subject to, and received as to his sole count of conviction, a mandatory minimum term of imprisonment. ECF No. 926 at 2; ECF No. 927 at 1.

Accordingly, the Court is constrained to deny Defendant's motion for a sentence reduction under Amendment 821, ECF No. 1165, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

Accordingly,

**IT IS ORDERED** that Defendant Keven Torres-Bonilla's motion to reduce his sentence under Amendment 821, ECF No. 1165, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail, with this Order, a copy of this District's form 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence to Defendant Keven Torres-Bonilla.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge